**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

GENE MATTERA, an individual,
and
ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation,
CASE:

Plaintiffs,
v.

SWNC-BRANDON LAKES, LLC, a Delaware Limited Liability Company,
OUTBACK STEAKHOUSE OF FLORIDA, LLC, a Florida Limited Liability Company,
KIWA ASIAN KITCHEN BRANDON LLC, a Florida Limited Liability Company, and
VALRICO SMOOTHIE GROUP LLC, a Florida Limited Liability Company

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiffs, GENE MATTERA, an individual, and ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, SWNC-BRANDON LAKES, LLC, a Delaware Limited Liability Company, OUTBACK STEAKHOUSE OF FLORIDA, LLC, a Florida Limited Liability Company, KIWA ASIAN KITCHEN BRANDON LLC, a Florida Limited Liability Company, and VALRICO SMOOTHIE GROUP LLC, a Florida Limited Liability Company (collectively hereafter "Defendants") and as grounds allege:

JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, GENE MATTERA, is an individual over eighteen years of age, who resides in Florida and is otherwise sui juris. Plaintiff, GENE MATTERA, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, GENE MATTERA, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6. Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7. At all times material, Defendant, SWNC-BRANDON LAKES, LLC, was and is a Delaware Limited Liability Company doing business in the State of Florida, owning and operating a commercial property in the State of Florida, and deriving substantial revenue from the State.

8. At all times material, Defendant, SWNC-BRANDON LAKES, LLC, owned, leased, and/or operated the Commercial Property located at 2020 West Brandon Boulevard, Brandon, Florida 33511 (hereinafter “Commercial Property”).

9. At all times material, Defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, was and is a Florida Limited Liability Company doing business in the State of Florida, owning and operating a commercial property in the State of Florida, and deriving substantial revenue from the State.

10. At all times material, Defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, owned, leased, and/or operated a portion of the Commercial Property located at 2020 West Brandon Boulevard Unit 190, Brandon, Florida 33511, operated as “Outback Steakhouse”.

11. At all times material, Defendant, KIWA ASIAN KITCHEN BRANDON LLC, was and is a Florida Limited Liability Company doing business in the State of Florida, owning and operating a commercial property in the State of Florida, and deriving substantial revenue from the State.

12. At all times material, Defendant, KIWA ASIAN KITCHEN BRANDON LLC, owned, leased, and/or operated a portion of the Commercial Property located at 2020 West Brandon Boulevard Unit 160, Brandon, Florida 33511, operated as “Kiwa Asian Kitchen”.

13. At all times material, Defendant, VALRICO SMOOTHIE GROUP LLC, was and is a Florida Limited Liability Company doing business in the State of Florida, owning and operating a commercial property in the State of Florida, and deriving substantial revenue from the

State.

14. At all times material, Defendant, VALRICO SMOOTHIE GROUP LLC, owned, leased, and/or operated a portion of the Commercial Property located at 2020 West Brandon Boulevard Suite 130, Brandon, Florida 33511, operated as "Smoothie King".

15. Venue is properly located in the Middle District of Florida pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Brandon, Florida.

16. Defendants' Commercial Property at issue in this matter and the businesses therein are located in and around the Hillsborough County area. The Defendants regularly conduct business within Hillsborough County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Hillsborough County area.

FACTUAL ALLEGATIONS

17. Plaintiff, GENE MATTERA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, GENE MATTERA, suffers from late-stage emphysema, requires supplemental oxygen twenty-four hours a day, and uses a scooter to travel more than a few feet. Plaintiff, GENE MATTERA, is therefore substantially limited in major life activities due to his impairments, including, but not limited to, breathing, walking, standing, and performing activities requiring exertion or sustained mobility. Because Plaintiff relies upon a scooter to ambulate and requires a shower seat and grab bars, he depends upon accessible parking, accessible routes, accessible entrances and doorways, and accessible restrooms in order to use a place of public accommodation on an equal basis with persons who are not disabled.

18. Although Plaintiff, GENE MATTERA, currently lives in Southwest Florida, he visits the Brandon area and the surrounding communities frequently. Plaintiff, GENE MATTERA, visits the businesses located within the Commercial Property a few times per year for work

purposes. On May 19, 2026, Plaintiff, GENE MATTERA visited Kiwa Asian Kitchen during a business trip to Brandon. On August 4, 2026, Plaintiff, GENE MATTERA, returned to the Commercial Property and visited Outback Steakhouse for lunch. Plaintiff, GENE MATTERA, plans to return to the Commercial Property several times during the end of 2026 and plans on visiting the businesses located within the Commercial Property for lunch.

19. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

20. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following specific defect violations of the ADA.

A. <u>Parking and Exterior Routes</u>

i. The routes to the site arrival points are inaccessible, violating § 206 of the 2010 ADA Standards for Accessible Design. The inaccessible routes restrict Plaintiffs' mobility within the parking area.

ii. The route contains cross slopes greater than three percent, violating § 403.3 of the 2010 ADA Standards for Accessible Design. The inaccessible routes restrict Plaintiffs' mobility within the parking area.

iii. The curb ramps protrude into the access aisles creating slopes greater than five percent violating § 502.3 and 502.4 of the 2010 ADA Standards for Accessible Design. The curb ramps restrict Plaintiffs' mobility within the parking area.

iv. The curb ramps have a slope greater than ten percent, violating § 406 of the 2010 ADA Standards for Accessible Design. The excessive slopes restrict Plaintiffs' mobility within the parking area.

v. The ramps lack the required handrails, violating § 405 and 505 of the 2010 ADA Standards for Accessible Design. The lack of hardware restricts Plaintiffs' mobility within the parking area.

vi. The doors lack the required kick plates, violating § 404.2 of the 2010 ADA Standards for Accessible Design. The lack of hardware restrict Plaintiffs' mobility within the parking area.

B. <u>Access to Goods and Services</u>

i. The dining counters at Kiwa Asian Kitchen are set at a height greater than thirty-four inches above the finished floor and lack the required toe clearance, violating § 226, 306 and 902 of the 2010 ADA Standards for Accessible Design. The excessive counter height impedes Plaintiffs' full access to the dining area.

ii. The dining surfaces at Outback Steakhouse lack the required toe clearance violating § 226, 306 and 902 of the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' full access to the dining area.

iii. The dining surfaces at Smoothie King lack the required toe clearance violating § 226, 306 and 902 of the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' full access to the dining area.

C. Restrooms

i. The mirror in the Smoothie King restroom is mounted at a height greater than forty inches above the finished floor violating § 603.3 of the 2010 ADA Standards for Accessible Design. The improper mirror height impedes Plaintiffs' full access to the restrooms.

ii. The dispensers in the Smoothie King restroom are mounted at a height greater than forty-eight inches above the finished floor violating § 606 and 308 of the 2010 ADA Standards for Accessible Design. The improper dispenser height impedes Plaintiffs' full access to the restrooms.

iii. The water closet clearance in the Smoothie King restroom is less than forty-three inches violating § 604.3 of the 2010 ADA Standards for Accessible Design. The improper clearance impedes Plaintiffs' full access to the restrooms.

iv. The flush control in the Smoothie King restroom is improperly located violating § 604.6 of the 2010 ADA Standards for Accessible Design. The improperly located flush control impedes Plaintiffs' full access to the restrooms.

v. The door operable parts in the Smoothie King restroom are inoperable violating § 309 and 404 of the 2010 ADA Standards for Accessible Design. The inoperable hardware impedes Plaintiffs' full access to the restrooms.

vi. The maneuvering clearance at the door to the Smoothie King restroom is obstructed as a result of a failure of policy violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' full access to the restrooms.

vii. The flush control in the Just Love Coffee Café restroom is improperly located, violating § 604.6 of the 2010 ADA Standards for Accessible Design. The improper hardware impedes Plaintiffs' full access to the restrooms.

viii. The door to the Outback Steakhouse restroom lacks the required latch side clearance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The lack of required side clearance impedes Plaintiffs' full access to the restrooms.

ix. The stall door in the Outback Steakhouse restroom lacks the required closer and door pull, violating § 604.8 of the 2010 ADA Standards for Accessible Design. The lack of required hardware impedes Plaintiffs' full access to the restrooms.

x. The water closet clearance in the Outback Steakhouse restroom is less than forty-six inches, violating § 604.3 of the 2010 ADA Standards for Accessible Design. The lack of proper clearance impedes Plaintiffs' full access to the restrooms.

xi. The water closet centerline in the Kiwa Asian Kitchen restroom is less than sixteen inches from the side wall, violating § 604.2 of the 2010 ADA Standards for Accessible Design. The lack of proper clearance impedes Plaintiffs' full access to the restrooms.

xii. The water closet clearance in the Kiwa Asian Kitchen restroom is less than forty inches, violating § 604.3 of the 2010 ADA Standards for Accessible Design. The lack of proper clearance impedes Plaintiffs' full access to the restrooms.

xiii. The Kiwa Asian Kitchen restroom lacks the required rear grab bar and its side grab bar is mounted at a height greater than forty inches above the finished floor, violating § 604.5 and 609 of the 2010 ADA Standards for Accessible Design.

xiv. The sink in the Kiwa Asian Kitchen restroom is set at a height greater than thirty-five inches above the finished floor and lacks the required knee and toe clearance, violating § 306, 606.2 and 606.3 of the 2010 ADA Standards for Accessible Design.

xv. The mirror in the Kiwa Asian Kitchen restroom is mounted at a height greater than forty-five inches above the finished floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design. The improperly installed mirror impedes Plaintiffs' full access to the restrooms.

xvi. The maneuvering clearance to exit the Kiwa Asian Kitchen restroom is less than forty-five inches, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' full access to the restrooms.

xvii. The dispensers in the Kiwa Asian Kitchen restroom are mounted at a height greater than forty-eight inches above the finished floor, violating § 308 of the 2010 ADA Standards for Accessible Design.

21. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

**ADA VIOLATIONS**

22. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection

in conjunction with Rule 34 and timely notice.

24. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and

are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. The defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b. Issue injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable

by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 24th, 2026

Respectfully submitted,

*/s/ John A. Salcedo*
John A. Salcedo
FL Bar No. 14665
THE MINEO SALCEDO LAW FIRM, P.A.
5600 Davie Road
Davie, FL 33314
Telephone: 954-463-8100
Service@mineolaw.com

*Attorneys for Plaintiffs*